**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2940-14T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DARNELL STOVALL,

      Defendant-Appellant.

_____

Submitted October 25, 2016 — Decided February 23, 2017

Before Judges Messano and Guadagno.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-09-0125.

Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Keri-Leigh Schaefer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darnell Stovall appeals from the January 6, 2015 Law Division order denying his petition for post-conviction relief (PCR), raising three points:

POINT I

THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE MATTER REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT II

THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE IT VIOLATED DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

POINT III

THE PCR COURT ERRED IN DENYING DEFENDANT'S POST-CONVICTION RELIEF MOTION TO SET ASIDE HIS GUILTY PLEA PURSUANT TO STATE V. SLATER.[1]

We have considered these arguments in light of the record and applicable law and we affirm.

On December 14, 2006, defendant and two others, Quemere McClendon and Paul Lewis, were driven to the home of Keith Mason, intending to rob Mason of marijuana. McClendon was carrying a loaded handgun. Defendant also had a handgun, but claimed it was not loaded.

---

[1] 198 N.J. 145 (2009).

McClendon entered Mason's home first, followed by defendant and Lewis. Mason's two-year-old son was in the home when the three entered. Mason and McClendon began "tussling" and McClendon shot Mason in the chest, killing him. The three fled, leaving Mason's son alone with his father's body.

A grand jury sitting in Monmouth County, returned an indictment charging defendant with first-degree felony murder, (count fourteen); first-degree murder, (count fifteen); first-degree armed robbery, (count thirteen); second-degree conspiracy to commit armed burglary and armed robbery, (count ten); second-degree possession of a firearm for an unlawful purpose, (count eleven); second-degree burglary, (count twelve); and third-degree endangering the welfare of a child, (count sixteen).

On March 19, 2009, defendant appeared before Judge Anthony J. Mellaci, Jr., and pled guilty to counts ten, eleven, twelve, thirteen, and sixteen pursuant to a negotiated plea agreement which required defendant to cooperate and testify truthfully in the trial of his co-defendants. In return, the State agreed to dismiss the two murder counts and recommend an eighteen-year sentence on the armed robbery count.

Before defendant was sentenced, Judge Mellaci vacated defendant's guilty plea for failing to comply with provisions of his plea agreement. On May 2, 2011, a grand jury returned an

indictment charging defendant with first-degree witness tampering.

On May 12, 2011, defendant appeared before Judge Mellaci and pled guilty pursuant to a revised plea agreement to counts ten (robbery conspiracy), fourteen (amended from felony murder to aggravated manslaughter), and sixteen (endangering). The State agreed to dismiss the remaining charges, including the witness tampering indictment and recommended a twenty-two year sentence subject to the Graves Act, N.J.S.A. 2C:43-6(c), and the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

After Judge Mellaci sentenced defendant in accordance with the revised plea agreement, defendant appealed his sentence. We heard the appeal at our Excessive Sentence Oral Argument panel and affirmed defendant's sentence.

Defendant filed a pro se PCR petition. Counsel was assigned and filed a memorandum of law in support of the petition. Judge Mellaci heard oral argument on January 6, 2015, and denied the petition without a hearing.

Defendant now claims, as he did before Judge Mellaci, that plea counsel was ineffective for failing to inform him that his sentence would be subject to the Graves Act or NERA, and he should be allowed to withdraw his guilty plea and proceed to trial.

Judge Mellaci rejected defendant's claim that his plea counsel was ineffective for not spending enough time with him, noting that the same attorney represented defendant for almost four years, from his first arraignment in November 2007, through his first guilty plea in March 2009, for his second guilty plea in May 2011, and for his sentence in August 2011. During this time, counsel met with defendant on "multiple occasions in an attempt to resolve this matter."

Judge Mellaci read from the transcript of defendant's first guilty plea where defendant acknowledged that plea counsel explained the charges, the plea proceedings, and defendant understood them and was satisfied with counsel's representation. Judge Mellaci specifically explained to defendant that his sentence may be subject to NERA and the Graves Act.

Judge Mellaci then read from the transcript of defendant's second guilty plea, including defendant's acknowledgement that he understood the implications of the Graves Act and NERA on his sentence:

> THE COURT: So, you understand that normally on a second degree conspiracy such as this, I could put you in jail for up to ten years and order up to five years minimum parole ineligibility. Do you understand?
>
> DEFENDANT: Yes.

THE COURT:  In addition, because this is a conspiracy to commit an armed robbery and/or burglary, you're subject to the No Early Release Act, where you would have to serve . . . 85 percent of your maximum sentence.  Do you understand?

DEFENDANT:  Yes.

THE COURT:  So, you would have to serve minimum approximately of eight years, six months and two days.  Do you understand that?

DEFENDANT:  Yes.

THE COURT:  On Count 14 as amended to aggravated manslaughter, do you understand you're exposed to up to 30 years in jail, where . . . you would would have to do up to half that time as minimum parole ineligibility under the Graves Act?  Do you understand that?

DEFENDANT:  Yes.

THE COURT:  And under the No Early Release Act, you would have to serve 85 percent of that time.  Do you understand that?

DEFENDANT:  Yes.

THE COURT:  So, if I were to give you a 30-year sentence and we figure in 85 percent, your exposure would be approximately 25 years, six months and two days.  Do you understand that?

DEFENDANT:  Yes.

To prevail on a claim of ineffective assistance of counsel, defendant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme

Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must show that his attorney's performance was deficient, and that the deficient performance prejudiced his defense. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. There is a "'strong presumption' that [defense] counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his [or her] responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (citing Strickland, supra, 466 U.S. at 689-90, 104 S. Ct. at 2065-66, 80 L. Ed. 2d at 694-95).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing is required only when a defendant establishes a prima facie case in support of PCR, the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record, and the court determines that an evidentiary hearing is required to resolve the claims asserted. R. 3:22-10(b). A prima facie case is established when a defendant demonstrates "a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." Ibid.

The transcript of defendant's plea allocution completely contradicts defendant's claim that he did not understand his

sentence because plea counsel failed to explain the Graves Act or NERA. Defendant has not satisfied either prong of Strickland, and Judge Mellaci correctly denied his petition without a hearing.

Defendant's argument that Judge Mellaci erred in denying his motion to withdraw his guilty plea lacks sufficient merit to warrant further discussion in our opinion, Rule 2:11-3(e)(2), and we affirm substantially for the reasons stated in Judge Mellaci's comprehensive oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2940-14T3